# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| EAST MOUNTAIN ENERGY, LLC, | |
| Plaintiff, | |
| vs. | |
| UNITED MINE WORKERS OF AMERICA, LOCAL UNION 1769; INTERNATIONAL UNION, DISTRICT 22, UNITED MINE WORKERS OF AMERICA, | MEMORANDUM DECISION AND ORDER |
| | Case No. 2:16-CV-00018-DAK |
| Defendants. | |

This matter is before the court on Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A hearing on this motion was held on June 29, 2016. At the hearing, Plaintiff was represented by Cecil R. Hedger, and Defendant was represented by Jared L. Bramwell. The court took the matter under advisement. The court has considered carefully the memoranda and other materials submitted by the parties, as well as the law and facts relating to the motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

Plaintiff East Mountain Energy, LLC (EME) is a corporation with its principal place of business in Huntington, Utah. Defendants United Mine Workers of America, Local Union 1769 ("Local 1769") and International Union, District 22, United Mine Workers of America ("District 22") (collectively, the "UMWA") are unincorporated labor organizations within the meaning of the National Labor Relations Act and collective bargaining representatives for EME's bargaining unit employees at the Deer Creek Mine located near Huntington, Utah.

1

EME is the operator of the Deer Creek Mine. UMWA represents hourly workers at the mine through its Local Union. The parties entered into a collective bargaining agreement known as the "Modified Bituminous Coal Wage Agreement of 2014" ("Wage Agreement"). The Wage Agreement establishes a four-step Grievance Procedure to resolve disputes. Under step one of the Grievance Procedure an employee's grievances must be brought directly to a foreman. If the grievance is not resolved, it advances to step two, where it must be written on a standard Grievance Form and "shall be taken up . . . by the Mine Committee and mine management." The Mine Committee shall be at least three but not more than five employees that are elected by the employees of that mine and the Committee has authority under the Wage Agreement to settle or withdraw any grievance that proceeded to step two. The heart of this dispute is whether a settlement was properly entered into at step two. If the Mine Committee and management cannot settle the grievance, it proceeds to step three of the Grievance Procedure, where the grievance is taken up by a representative of District 22. If the grievance is not settled at step three then the dispute is to be resolved by binding arbitration. If a settlement is reached at any step of the grievance procedure, the Wage Agreement states "it shall be final and binding on both parties and shall not be subject to further proceedings under the collective bargaining agreement unless the parties mutually agree." Pursuant to Article XXIII, Section (h) of the collective bargaining agreement, a binding settlement is reached at steps two and three if and only if it is in writing and signed by the appropriate representative of the Union and the Employer.

A dispute arose over benefits and is alleged to have been resolved at step two in a final and binding settlement. Plaintiff claims in their complaint that six employees met to form a Mine Committee and a Committee of three members was eventually elected and entered into a settlement agreement with EME regarding their claim.

EME seeks to enforce the settlement agreement and therefore nullify the Arbitrator's decision as to the merits of the substantive medical benefits claim.

Defendants allege Plaintiff failed to state a claim for which relief could be granted because the settlement agreement was not validly executed because the agents for the Mine Committee lacked actual authority to enter into the settlement agreement and therefore the plaintiff is required to submit to binding arbitration under the Wage Agreement. Defendant further argues that the issue of whether a settlement was entered into should be for the Arbitrator to decide.

## DISCUSSION

### Defendant's Motion to Dismiss

*1. Failure to State a Claim*

For a complaint to withstand a 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted the complaint must sufficiently state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In order for a complaint to be facially plausible specific facts must be alleged as opposed to mere recitations of legal conclusions. *Iqbal,* 129 S. Ct. at 1949-50. "The pleading standard does not require detailed factual allegations, but instead demands more than an unadorned, the defendant unlawfully harmed me accusation." *Id.* After the court strikes bare legal conclusions the court must weigh the remaining specific facts to determine whether a plausible claim exists. *Id.*

Defendant claims that Plaintiff's complaint raises only conclusory statements that are insufficient to render the complaint plausible on its face. Defendant further claims that Plaintiff has failed to offer factual support to their claim that the three Union members were elected to the Mine Committee. They claim that Plaintiff should be required to cite evidence that the Mine Committee was in fact elected. Defendant also claims that Plaintiff was required to ask UMWA whether the employees were properly elected into the Mine Committee. The Defendant points to the Arbitrator's decision that the employees did not have authority to enter into the settlement agreement as evidence that Plaintiff does not have a claim.

3

Defendant claims since Plaintiff failed to present evidence that the three Union members had the authority to settle the grievance the Plaintiff therefore failed to state a valid claim pursuant to Rule 12(b)(6).

Under federal common law, the elements of a contract claim are: 1. The existence of a valid contract; 2. Performance of the plaintiff's obligations under it; 3. Failure of the defendant's obligations under it; and 4. Damages. *Cf. Advanced Recovery Sys.,* 2015 WL 4459173.

Plaintiff alleges 1. The existence of a valid Settlement Agreement which is signed by UMWA, 2. It has performed its obligations under the Settlement Statement by paying benefits to employees as agreed in the Settlement Statement, 3. Defendant has failed to perform its obligations under the Settlement Statement by re-filing a duplicate copy of the grievance that was settled, and 4. Damages resulted from UMWA's breach of the Settlement Statement.

Plaintiff further alleges that because agency to enter into an agreement is an affirmative defense and not an element to the claim, the plaintiff is not required to plead specific facts as to the Mine Committee's authority. Notwithstanding Plaintiff's contention that they are not required to plead in their complaint facts to dispute an affirmative defense, they nonetheless have sufficiently pled enough facts as to the Mine Committee's authority to state a plausible claim. Plaintiff alleges in their complaint 1. That all six of EME's bargaining unit employees convened at the mine and elected a Mine Committee consisting of three members, 2. There is no requirement under the Wage Agreement for UMWA to inform EME of the members of the Mine Committee, 3. The Mine Committee has express authority under the Wage Agreement to act on behalf of the UMWA.

Plaintiff contends that the defendant's attempt to introduce evidence that the employees were not properly elected into the Mine Committee is a factual dispute that has no place in a Motion to Dismiss. Plaintiff therefore asserts the court must accept their allegation that Defendants breached the settlement agreement and the employees were properly elected as true and therefore they have pled

sufficient facts that if believed would state a plausible claim to withstand a Rule 12(b)(6) motion to dismiss.

During the pleading stage the court must accept Plaintiff's allegation that the members of the Mine Committee were properly elected to enter into a settlement agreement and the agreement was breached by the Defendants. The Plaintiff has pled sufficiently specific facts as to render a federal common law breach of contract facially plausible under the *Twombly* and *Iqbal* standard. The court must therefore deny the Defendant's Motion to Dismiss for Failure to State a Claim.

### 2. *Who Decides Arbitrability*

If the parties have mutually agreed to settle their disputes in binding arbitration then the court must refrain from hearing the merits of the dispute. When there is a dispute about whether an issue is within the scope of the arbitration agreement there is a strong presumption that the court, not the arbitrator is to determine whether the parties intended to arbitrate the dispute. The Supreme Court stated that the court must determine whether the parties clear and unmistakably agreed to arbitrate the question of arbitrability. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). If the parties did not clear and unmistakably agree to arbitrate the question of arbitrability, then the court is to decide whether the dispute is within the arbitration agreement. *Id.* Silence or ambiguity on the question of who should decide whether a dispute is within the scope of an arbitration agreement should be construed as not being clear and unmistakable. *Id.* Deciding otherwise could potentially force nonconsenting parties into arbitration and deprive them of their right to their day in court. *Id.*

In *First Options* three disagreements were present. First, the parties disagree about the merits of the dispute. Second, they disagree about whether they agreed to arbitrate the merits. Third, they disagree about who should have the primary power to decide the second question. If the court determines that the parties intended for the question to be decided by the arbitrator then the court may only review the arbitrator's decision with an extremely high degree of deference. If the parties did

not agree to submit the question of arbitrability to the arbitrator then the court should decide that question just as it would decide any other question that the parties did not submit to arbitration. *Id.*

In determining whether the parties intended to submit the question of arbitrability to arbitration the court should apply ordinary state contract law principles to determine whether the parties objectively revealed intent to submit the arbitrability issue to arbitration. *Id.* Courts should not assume that the parties agreed to arbitrate arbitrability unless there is "clear and unmistakable" evidence that they intended to do so.

Here, the dispute as to arbitrability is very similar to *First Options*. First, the parties' disagreement about the validity of the settlement agreement makes up the merits of the breach of settlement dispute. Second, there is a disagreement about whether they agreed to arbitrate the merits of whether a settlement agreement was validly reached. Third, there is a disagreement about who is to decide the second question.

Defendant alleges this is a purely procedural question which grows out of the dispute and bears on its final disposition and therefore should not be decided under *First Options*. Under *Howsam* procedural questions are for an arbitrator to decide. Examples of procedural issues are time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate. *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 84 (2002).

In *Howsam* the arbitration agreement stated the dispute must be brought within six years of the event giving rise to the dispute. *Id.* The Plaintiff in this case brought the suit after six years had elapsed and claimed that they were therefore not bound by the arbitration agreement. *Id.* The Court found this was a mere procedural issue for the arbitrator to decide because there was not a dispute as to whether the arbitration agreement covered the substantive claim. *Id.*

The case at hand is easily distinguishable from *Howsam*. In *Howsam* the parties were arguing whether a condition precedent to arbitration was met. Here, there is a genuine dispute as to whether a

settlement dispute entered into during step two of the Grievance Procedure was an issue within the arbitration agreement. Since the present dispute is about the scope of an arbitration agreement the court must follow the standard set forth in *First Options*. Applying *Howsam's* procedural exception as broadly to encompass a dispute as to the scope of an arbitration agreement would overrule the Supreme Court's holding in *First Options*.

The court finds that the parties did not clearly and unmistakably agree to arbitrate the question as to arbitrability. Since the parties did not mention in the arbitration clause whether they wanted an arbitrator to decide arbitrability, the issue as to the scope of the arbitration agreement remains with the court. The court, not the arbitrator, is to decide the question of arbitrability as it pertains to the settlement agreement.

3. ***Scope of Arbitration Agreement***

When courts decide whether a dispute is within the scope of an arbitration agreement the Supreme Court stated that there must be a healthy regard for the federal policy favoring arbitration. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985). The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Id.* Thus, as with any other contract, the parties' intentions control, but those intentions are generously construed in favor of arbitration. *Id.*

In the case at hand, the Defendant has failed to offer support that a settlement entered into before step four is intended to be within the scope of the arbitration agreement. Under the Wage Agreement arbitration is only to take place at step four of the Grievance Procedure. Article XXIII, Section (h) of the Wage Agreement states that "Settlements reached at any step of the grievance procedure shall be final and binding on both parties and shall not be subject to further proceedings under this article except by mutual agreement."

The Court finds that since the Plaintiff alleges a proper settlement took place in step two of the grievance procedure and that the parties are not subject to any further steps in the Grievance Procedure if the Settlement Agreement is found to be valid. If a settlement was properly entered into then the parties are not required to proceed to step four where they agreed to arbitration. Even in construing the scope of the arbitration agreement in the most generous manner in favor of arbitration, the court must find that this particular dispute is not within the scope of the arbitration agreement.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss for Failure to State a Claim is DENIED. The Court has proper authority to determine whether a settlement agreement was entered into before step four of the Grievance Procedure.

DATED this 11th day of July, 2016.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge